UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILLIP D. BRANTLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00115-JMS-TAB |
| ) | |
| BARTHOLOMEW COUNTY SHERIFF'S ) | |
| OFFICE, ) | |
| ) | |
| Defendant. ) | |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Phillip Brantley alleges he was hospitalized in June 2020 after he consumed the wrong medication while in the custody of the Bartholomew County Jail. He brought this prisoner civil rights suit against the Bartholomew County Sheriff's Office alleging its policy of allowing non-medical personnel to dispense medication violated the Eighth Amendment. The Sheriff's Office now moves for summary judgment on its affirmative defense that Mr. Brantley failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.* For the reasons that follow, the Sheriff's Office's motion is **granted**.

**I. Background**

The court presents the facts in the light most favorable to the nonmoving party—in this case Mr. Brantley. *Stark v. Johnson & Johnson*, 10 F.4th 823, 825 (7th Cir. 2021). However, Mr. Brantley failed to respond to Defendant's motion, so he has conceded the Sheriff's Office's version of the facts. *See* S.D. Ind. L.R. 56-1(b); *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56(a) motion, but it does "reduc[e] the pool"

from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

This case concerns Mr. Brantley's medical care at Bartholomew County Jail. Mr. Brantley contends that, while he was incarcerated, he received inadequate medical care which led to him being hospitalized. Dkt. 1 at 2. He contends the Sheriff's Office maintained policies of allowing correctional officers to: (a) dispense medication without any medical credentials; (b) to adjust his dosing which frequently resulted in him either receiving too little or too strong of a dose; and (c) to dispense medication without providing any patient education. *Id.* at 3 – 4.

Bartholomew County Jail maintains a grievance procedure for inmates to use when they have issues related to their confinement. Dkt. 18-1 at ¶ 3. These issues can relate to the jail's condition, functions, or staff. *Id.*, Ex. C. Inmates learn about the grievance procedure through the inmate handbook, a copy of which is available in every cell block. *Id.* at ¶ 3.

Under the jail's procedure, an inmate must submit a grievance within seventy-two hours of the incident or occurrence. *Id.* ¶ 4. Forms are obtained from the medication cart. *Id.* Once an inmate submits a grievance, the jail must provide a response within thirty days. *Id.*, Ex. C. If an inmate remains unsatisfied, he can appeal the adverse decision to the jail commander. *Id.*

Mr. Brantley utilized the grievance procedure for a variety of issues while he was incarcerated. *Id.* at ¶ 5. He also signed and completed an acknowledgement stating that he understood the jail's rules when he was booked into Bartholomew County Jail. Dkt. 18-1, Ex. D. Mr. Brantley did not submit any grievances related to his claims in this lawsuit. *See id.*, Ex. E.

## II. Legal Standard

Summary judgment is the procedure of resolving a case short of a trial. It is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled

to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021).  A "genuine dispute" exists when a reasonable factfinder could find in favor of the nonmoving party. *Weaver v. Speedway, LLC*, 28 F.4th 816, 820 (7th Cir. 2022); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And "material facts" are those that might affect the outcome of the suit. *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015).

The record at summary judgment consists only of the admissible evidence submitted by the parties. *See* S.D. Ind. L.R. 56-1(e) ("A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence."). The Court does not "scour every inch of the record" for evidence that is potentially relevant.  *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

The purpose of summary judgment is to determine the need for trial. The record is viewed in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572 – 73 (7th Cir. 2021). That means all facts are construed and all inferences are drawn in favor of the nonmoving party. *See v. Illinois Gaming Board*, 29 F.4th 363, 368 (7th Cir. 2022). The goal is not to decide which party's facts are more likely true; it is only to decide whether a trial is necessary.

### III. Discussion

The Sheriff's Office argues summary judgment is appropriate because Mr. Brantley failed to exhaust his administrative remedies. As already indicated, Mr. Brantley failed to respond.

The Prison Litigation Reform Act requires inmates to exhaust their available administrative remedies before suing in federal court. 42 U.S.C. § 1997e(a); *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 831 (7th Cir. 2020).  This requirement is mandatory: a court cannot excuse an inmate's failure to exhaust.  *Ross v. Blake*, 578 U.S. 1174, 1856 (2016).  To satisfy the Act's

exhaustion requirement, an inmate must strictly comply with the prison's administrative rules for filing grievances.  *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). Failure to exhaust is an affirmative defense, so Officer Harper bears the burden of proof. *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018).

Here, Mr. Brantley failed to exhaust his administrative remedies. Bartholomew County Jail has a grievance process, dkt. 18-1, ¶ 3, Mr. Brantley utilized it for other issues, *Id.* at ¶ 5, and the undisputed evidence shows he did not submit any grievances related to the policy claims in this lawsuit. *See id.*, Ex. E. Mr. Brantley therefore failed to exhaust his administrative remedies before filing suit, and so the Sheriff's Office is entitled to summary judgment. *Crouch v. Brown*, 27 F.4th 1315, 1321 (7th Cir. 2022) ("[A] prisoner must exhaust his or her administrative remedies before filing a federal claim about prison conditions."). Since Mr. Brantley failed to exhaust his administrative remedies, his claims must be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.")

### IV. Conclusion

For those reasons, the Sheriff's Office's motion for summary judgment, dkt. [18], is **granted**. Mr. Brantley's claims are **dismissed without prejudice**. Final Judgment consistent with this Order shall issue accordingly.

**SO ORDERED**.

Date: 5/24/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

PHILLIP D. BRANTLEY
7975
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

All Electronically Registered Counsel